PHILLIP A. TALBERT
Acting United States Attorney
KATHERINE T. LYDON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM R. STANLEY, JR.,<br><br>　　　　　　　Defendant. | CASE NO. 2:16-CR-93-001-MCE<br><br>**STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING DISPOSITIONAL HEARING; ORDER**<br><br>DATE: September 9, 2021<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

## **BACKGROUND**

On November 3, 2016, the Court sentenced the defendant for the crimes of access device fraud and aggravated identity theft, and included a term of supervised release to follow the custodial sentence. On October 5, 2020, the U.S. Probation Office filed a petition alleging the defendant violated his conditions of supervised release. The defendant admitted his violations on August 19, 2021 and the parties are prepared to proceed to dispositional hearing.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

STIPULATION REGARDING USE OF VIDEOCONFERENCE   1

1        On March 29, 2020, the Judicial Conference of the United States made the findings required by
2   the CARES Act, concluding that "emergency conditions due to the national emergency declared by the
3   President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the
4   Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the
5   functioning of the federal courts generally."
6        On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings
7   required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure
8   and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted
9   in person without seriously jeopardizing public health and safety."  Accordingly, the findings of the
10  Judicial Conference and General Order 620 establish that plea and sentencing hearings, and by extension
11  the dispositional hearing in this case, cannot take safely take place in person.
12       In order to authorize plea hearings by remote means, however, the CARES Act—as most
13  recently re-implemented by General Order 632—also requires district courts in individual cases to "find,
14  for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without
15  serious harm to the interests of justice."  The general orders further require that the defendants consent
16  to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference unless
17  videoconferencing is not reasonably available.  In such cases, district courts may conduct hearings by
18  teleconference.
19       The parties hereby stipulate and agree that each of the requirements of the CARES Act and
20  General Order 632 have been satisfied in this case.  They request that the Court enter an order making
21  the specific findings required by the CARES Act and General Order 620.  Specifically, for the reasons
22  further set forth below, the parties agree that:
23       1)   The dispositional hearing in this case cannot be delayed without serious harm to the
24  interest of justice, given the public health restrictions on physical contact and court closures existing in
25  the Eastern District of California; and
26       2)   This defendant waives his physical presence at the hearing and consents to remote
27  hearing by videoconference his counsel joins in that waiver.
28       3)

STIPULATION REGARDING USE OF VIDEOCONFERENCE        2

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and the defendant, by and through their respective counsels of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact. While vaccines are available, many individuals have not yet been vaccinated. There has been a recent rise in the delta variant, a contagious variant of COVID-19.

4. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

5. On March 18, 2020, General Order 612 was issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

6. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in

weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

7. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

8. On May 13, 2020, General Order 618 issued, continuing court closures until further notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. On June 29, 2020, this Court issued General Order 620, finding that felony pleas could not be conducted in person without seriously jeopardizing public health and safety.

10. On September 30, 2020, this Court issued General Order 624, finding that felony plea hearings still could not be conducted in person without seriously jeopardizing public health and safety.

11. On January 4, 2021, General Order 628 issued, finding that felony plea hearings still could not be conducted in person without seriously jeopardizing public health and safety.

12. On April 2, 2021, General Order 630 issued, finding that felony plea hearings still could not be conducted in person without seriously jeopardizing public health and safety.

13. On July 1, 2021, General Order 632 issued, finding that felony plea hearings still could not be conducted in person without seriously jeopardizing public health and safety.

14. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

15. The defendants has an interest in resolving his case by admission and proceeding to disposition. Were this Court to delay the dispositional hearing until a time when the proceeding may be held in person, the defendant's interest in furthering his case would be thwarted. The dispositional hearing in this case accordingly cannot be delayed without serious harm to the interests of justice.

16. Under CARES Act § 15002(b), the defendant consents to proceed with this hearing by video-teleconference. Counsel for the defendant joins in this consent.

1        IT IS SO STIPULATED.

| | |
|---|---|
| Dated:  September 7, 2021 | PHILLIP A. TALBERT<br>Acting United States Attorney |
| | /s/ KATHERINE T. LYDON<br>KATHERINE T. LYDON<br>Assistant United States Attorney |
| Dated:  September 7, 2021 | /s/ TIMOTHY ZINDEL<br>TIMOTHY ZINDEL<br>Counsel for Defendant<br>WILLIAM R. STANLEY, JR. |

**ORDER**

1. The Court **ADOPTS** the findings above.

2. Further, the Court specifically finds that:

   a) The dispositional hearing in this case cannot be delayed without serious harm to the interest of justice; and

   b) The defendant has **waived his physical presence** at the hearing and **consents to remote hearing by videoconference**.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 632, the **dispositional hearing** in this case will be conducted **by videoconference.**

IT IS SO ORDERED.

Dated: September 10, 2021

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE