UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM STANLEY,<br><br>Defendant. | No. 2:16-cr-00093-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant William Stanley's ("Defendant") Motion for Compassionate Release. (ECF No. 94.) The Government filed an opposition. (ECF No. 101.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

In 2016, Defendant was convicted of access device fraud in violation of 18 U.S.C. § 1029(a)(2) and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (ECF No. 37.) The Court sentenced Defendant to a 51-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 46, 48.) Defendant commenced his term of supervised release on December 6, 2019. (ECF No. 101 at 2.) In October 2020, Defendant was arrested for various crimes. (*Id.*) On August 19, 2021, Defendant admitted to violating the terms of his supervised release, including a new law violation, unlawful use of a controlled substance,

and failure to participate in drug testing as directed.  (ECF Nos. 74, 84.)  On September 9, 2021, the Court revoked Defendant's previously imposed term of supervised release and sentenced Defendant to an 18-month term of imprisonment with no new term of supervised release to follow.  (ECF Nos. 89, 90.)  Defendant's projected release date is July 12, 2023.  (ECF No. 101 at 3.)  Defendant, proceeding *pro se*, filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on February 20, 2022.  (ECF No. 94.)  Defendant requests the Court reduce his term of imprisonment to time served based on his concerns about the health of his mother and aunt.  (*Id.*)

## II.    ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

Assuming without deciding that Defendant has met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit recently held that "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021).  The Ninth Circuit also stated "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  *Id.* at 802. Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

///

Defendant argues for release based on "family circumstances." (ECF No. 94 at 2.) Section 1B1.13(C) lists the following family circumstances that may qualify as extraordinary and compelling reasons for release: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children"; and "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13(C). Defendant's request does not meet either of those two prongs. Rather, Defendant claims that he was employed as a care provider for his aunt prior to his arrest and his mother has a disability that will require extensive spinal surgeries and full time, live-in care. (ECF No. 94 at 2.) As the Government correctly points out, Defendant does not provide medical records to confirm his aunt and mother require live-in care or any evidence to suggest he is the only available caregiver for his aunt and mother. Accordingly, the Court finds Defendant has not demonstrated "extraordinary and compelling" reasons for his release.

Even if the Court found "extraordinary and compelling" reasons for Defendant's release, the Court would nonetheless deny Defendant's motion based on the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release). Notably, Defendant was on supervised release when he committed the instant offense, which shows he has little interest in rehabilitation or complying with the law. Defendant's 18-month sentence is well-supported by the nature and circumstance of the offense and Defendant's history and characteristics, and the § 3553(a) factors do not support a reduction based on the record before the Court.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 94.)

//
//
//
//
//

1       IT IS SO ORDERED.

2 **DATED: June 6, 2022**

3                                                  Troy L. Nunley
                                                 United States District Judge